**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT CUEVAS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CONNIE GIBSON, Warden,<br><br>　　　　Respondent. | Case No.: 1:12-cv-01667-AWI-JLT<br><br>ORDER DENYING PETITIONER'S MOTION REQUESTING CASE STATUS OR TO EXPEDITE DECISION (Doc. 16) |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on October 11, 2012. (Doc. 1). On October 18, 2012, the Court ordered Respondent to file a response. (Doc. 5). On December 18, 2012, Respondent filed his Answer. (Doc. 12). On January 24, 2013, Petitioner filed his Traverse. (Doc. 13). On June 6, 2013, Petitioner filed the instant motion, complaining of the Court's delay in issuing a decision on the merits of his petition, and requesting either that the Court grant the petition, or summarily deny the petition in order for him to file an appeal. (Doc. 16). The Court construes Petitioner's motion as a request for the status of his case or, alternatively, for an expedited decision.

Case management at the court proceeds by the order cases are received. The Court is aware of the existence of Petitioner's case and the length of time that it has been pending. However, due to the

1

enormous caseload of the Court, and the Court's detailed and diligent handling of each individual case, a Court decision often takes time.  Petitioner's case will be ruled on in due course.

With respect to Petitioner's request for a status report on his case, as noted in the Litigant Letter served on Petitioner shortly after the filing of the Petition, the Court will not respond to individual inquiries regarding the status of a particular case.  Petitioner was informed at the outset that the Court would notify him as soon as any action is taken in his case and that as long as Petitioner keeps the Court informed of his current address, he will receive <u>all</u> decisions that might affect the status of his case.

As a courtesy, Petitioner is further advised that he may only appeal a **final decision** of this Court to the Ninth Circuit.  <u>No final order has been issued</u>.  Should Petitioner file a notice of appeal from any **non-final** decision of this Court, this Court will immediately be divested of jurisdiction to proceed to the merits of the case until the Ninth Circuit determines that Petitioner's appeal is from a non-final order and dismisses it.  Based upon prior experience, that process often takes many months or, in some cases, years.

Accordingly, the Requests for Expedient Resolution and/or Status (Doc. 16), are DENIED.

IT IS SO ORDERED.

Dated:   **June 13, 2013**                             **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE