UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CUEVAS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CONNIE GIPSON, Warden,<br><br>　　　　Respondent. | Case No.: 1:12-cv-01667-AWI-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT (Doc. 20)<br><br>ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN TWENTY-ONE DAYS |

　　Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

　　The instant petition was filed on October 11, 2012. (Doc. 1). The petition contends that Respondent violated Petitioner's due process rights by validating him as a member of the Northern Structure prison gang, and, as a result, that Petitioner was wrongfully confined to the Security Housing Unit of his state prison. (Doc. 1).

　　Before the matter could be decided on the merits, however, Respondent filed the instant motion to dismiss, contending that the petition was now moot because Petitioner had been released on parole, thus eliminating any case or controversy regarding his gang validation or his SHU confinement. (Doc. 20). Petitioner has not filed an opposition to the motion to dismiss. However, on June 26, 2013,

Petitioner filed a notice of change of address to Crescent City, California.  (Doc. 18).  On December 24, 2014, Petitioner filed a second notice of a change of address, this time to San Jose, California. (Doc. 19).

## DISCUSSION

A. Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition as moot.  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on his contention that the petition and its claims are not moot.  Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

B. Mootness.

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982).  The

Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937).

Here, the instant petition does not make any express request for relief.  However, given the nature of the claims, i.e., that Petitioner is not challenging the fact or duration of his confinement, but rather certain conditions of his confinement, he is impliedly requesting that the gang validation be reversed and that he be removed from the SHU to another area of the prison.  In the motion to dismiss, Respondent alleges that Petitioner has been released on parole.  Respondent, however, has submitted no declaration or other documentation to substantiate this claim.  Nevertheless, the Court takes judicial notice of its own docket, which contains two changes of address from Petitioner, both of which appear to be non-institutional settings.  Moreover, the Court has accessed the "prisoner locator" feature at the website of the California Department of Corrections and Rehabilitation and determined that its database no longer contains any reference to an inmate with Petitioner's inmate number.  Additionally, Petitioner has not responded in any way to this motion to dismiss, further indicating that the issues he raised in the petition are no longer relevant.  Accordingly, the evidence presently before the Court supports Respondent's allegation that Petitioner has been released on parole.  Because there is case or controversy regarding either Petitioner's gang validation or his present status in the SHU, and because this Court can provide no further relief to Petitioner, the petition is now moot.   Hence, Respondent's motion to dismiss should be granted.

## **RECOMMENDATION**

Accordingly, the Court RECOMMENDS as follows:

1. Respondent's Motion to Dismiss (Doc. 20), be **GRANTED**;

2. The Petition for Writ of Habeas Corpus (Doc. 1), be **DISMISSED** as moot; and

3. The Clerk of Court be DIRECTED to enter judgment.

This Findings and Recommendations is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  **Within 21 days** after being served with a copy, any party may file written objections with the Court and serve a copy on all

3

parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed **within 10 court days** (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 18, 2015**                     /s/ Jennifer L. Thurston
                                                                         UNITED STATES MAGISTRATE JUDGE